UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| U.S. BANK NATIONAL ASSOC., | No. C 11-5476 MEJ |
| Plaintiff, | **ORDER FOR CLERK OF COURT TO REASSIGN CASE** |
| v. | |
| MANUEL ROBLES, | **REPORT & RECOMMENDATION** |
| Defendant. | |
| _____/ | |

On November 10, 2011, Defendant Manuel Robles removed this unlawful detainer action from Alameda County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant Manuel Robles to show cause why this case should not be remanded to the Alameda County Superior Court. The Court ordered Defendant to file a declaration by December 1, 2011. Defendant, however, has failed to respond. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has not consented to magistrate jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to Alameda County Superior Court. The December 15, 2011 order to show cause hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)

1  (internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt
2  as to the right of removal in the first instance." *Id*. at 566.  Further, a district court must remand the
3  case to state court if it appears at any time before final judgment that the district court lacks subject
4  matter jurisdiction.  28 U.S.C. § 1447(c).  The Ninth Circuit strictly construes the removal statute
5  against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the
6  right of removal in the first instance.  *Gaus*, 980 F.2d at 566.  Moreover, the burden of overcoming
7  the "strong presumption" against removal is always on the defendant.  *Id.*

8  Here, the face of the complaint, which asserts only one state law claim for unlawful detainer,
9  does not provide any ground for removal.  An unlawful detainer action, on its face, does not arise
10 under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*, 2011 WL
11 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2
12 (C.D. Cal. Nov. 22, 2010).  Further, even if Defendant were to allege diversity jurisdiction, Plaintiff
13 brought this action in California, as the property at issue is located in the state.  Where diversity is
14 cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the
15 state in which the plaintiff originally brought the action, even if the opposing parties are diverse.  28
16 U.S.C. § 1441(b).  Moreover, the amount in controversy requirement does not appear to be met
17 because Plaintiff's damages claim is under $10,000.  Under 28 U.S.C. § 1332(a), a district court has
18 original jurisdiction over civil actions only where the amount in controversy, exclusive of interest
19 and costs, exceeds $75,000.  Thus, as jurisdiction appears to be lacking, and Defendant failed to
20 respond to the order to show cause, the Court finds that he has failed to meet his burden of
21 demonstrating grounds for jurisdiction over Plaintiff's single claim for unlawful detainer brought
22 pursuant to California law.  Accordingly, the undersigned finds that this case should be remanded.

23 Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to
24 this report and recommendation within 14 days after being served with a copy.

25 **IT IS SO ORDERED AND RECOMMENDED.**

26 Dated: December 6, 2011

27 _____
   Maria-Elena James
   Chief United States Magistrate Judge
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOC.,

              Plaintiff,

  v.

MANUEL ROBLES,

              Defendant.

Case Number: 11-05476 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Robles
21667 Westfield Avenue
Hayward, CA 94541

Dated: December 5, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

3